IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMMETT STROMAS,
 Plaintiff,

vs.            Case No. 3:11cv31/RV/EMT

STATE OF FLORIDA, et al.,
 Defendants.
_____/

### **ORDER**

  This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted.

  Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to one or both of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

  Plaintiff was an inmate of the Escambia County Jail when he filed this action (*see* Doc. 1 at 2). He has since been released (*see* Doc. 6). Plaintiff appears to name two Defendants in this action, the State of Florida and Regina Balkom, an Assistant State Attorney ("ASA") (*id.* at 1–2). Plaintiff alleges from March 18, 2010 to January 5, 2011, he was illegally detained due to false charges filed by ASA Balkom (*id.* at 5–6). He states ASA Balkom was provided with documentation which showed he was innocent of the charges, but she prosecuted him regardless (*id.*). He states this information consisted of "obscene behavior" by the alleged victim during Plaintiff's first appearance, and the victim's providing inconsistent statements to police, in her deposition, and in support of a motion for a temporary injunction (*id.* at 5). Plaintiff states Balkom permitted the victim to commit perjury on numerous occasions and "failed to acknowledge a discovery violation" (*id.* at 6). Plaintiff states he was acquitted of the charge or charges on January 6, 2011 (*id.* at 5).

In an unrelated claim, Plaintiff states he was denied proper medical treatment for brain surgery and a vasectomy he received just prior to his incarceration (*id.* at 6).

Plaintiff claims that Defendant Balkom's conduct violated the constitutional prohibition against excessive punishments and violated his constitutional rights to due process, equal protection, and "fair compensation" (*id.* at 7). As relief, he seeks compensatory and punitive damages (*id.*).

Initially, Plaintiff's claims for damages against the State of Florida are barred. Plaintiff is advised that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies. *See* Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State of Florida in federal court. *See* Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

Additionally, the doctrine of prosecutorial immunity bars Plaintiff's claims against ASA Balkom. In Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), the Supreme Court considered whether traditional common-law immunities for prosecutors, which derived from immunities recognized for judges, applied to civil cases brought under 42 U.S.C. § 1983. The Supreme Court concluded that they did. *Id.*, 424 U.S. at 427–28 (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949) (L. Hand, J.) ("In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.")). The Supreme Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, — U.S. —-, 129 S. Ct. 855, 860, 172 L. Ed. 2d 706 (2009) (quoting Imbler, 424 U.S. at 430); *accord* Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009).

Supreme Court decisions issued after Imbler established outer bounds on what activities qualify for prosecutorial immunity. For example, prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and presenting the State's case. *See* Imbler, 424 U.S. at 431. A prosecutor is immune for malicious prosecution. *See* Malley v. Briggs, 475 U.S. 335, 342–43, 106

S. Ct. 1092, 1097, 89 L. Ed. 2d 271 (1986). Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. *See* Burns v. Reed, 500 U.S. 478, 490–92, 111 S. Ct. 1934, 1942, 114 L. Ed. 2d 547 (1991); Kalina v. Fletcher, 522 U.S. 118, 126, 118 S. Ct. 502, 507–08, 139 L. Ed. 2d 471 (1997); *see also* Van de Kamp, 129 S. Ct. at 861.

Applying these principles, the Eleventh Circuit has emphasized that, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State." *Id.* (quotation marks omitted); *accord* Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). "Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with [her] role as an advocate for the state." Jones, 174 F.3d at 1281–82; *accord* Rowe, 279 F.3d at 1279–80 (prosecutor who proffered perjured testimony and fabricated exhibits at trial is entitled to absolute immunity, but a prosecutor who participated in the search of a suspect's apartment is entitled to only qualified immunity). Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979);[1] *accord* Marx v. Gumbinner, 855 F.2d 783, 789 n. 10, 790 (11th Cir. 1988) (concluding that prosecutors have absolute immunity for rendering legal advice to police officers concerning the existence of probable cause to arrest).

Prosecutorial immunity does not apply, however, when the prosecutor acts outside the ambit of activities "intimately associated" with the judicial process. *See* Hart, 587 F.3d at 1296. Generally, the Supreme Court has made clear that prosecutorial immunity may not apply when a prosecutor is not acting as an officer of the court but is instead engaged in certain investigative or

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 3:11cv31/RV/EMT

administrative tasks. *See* Van de Kamp, 129 S.Ct. at 861. These activities include conducting investigative work before an arrest, *see* Buckley, 509 U.S. at 275–76, making statements to the press, *id.* at 277, and providing legal advice to police regarding pre-indictment investigation techniques, *see* Burns, 500 U.S. at 496. Additionally, prosecutorial immunity does not apply when a prosecutor knowingly makes false statements of fact in an affidavit supporting an application for an arrest warrant. *See* Kalina, 522 U.S. at 123. "Likewise, police officers do not have absolute immunity for submitting supporting affidavits in their applications for arrest warrants." Jones, 174 F.3d at 1282.

In the instant case, the actions of which Plaintiff complains, that is, allegedly filing false charges, permitting the victim to commit perjury, "fail[ing] to acknowledge a discovery violation," and prosecuting Plaintiff despite information which suggested his innocence, are precisely the type of activities to which the Supreme Court and Eleventh Circuit have held the doctrine of prosecutorial immunity applies. Therefore, Plaintiff cannot succeed on his claims against Defendant Balkom.

Plaintiff should carefully review the foregoing to determine whether he can state a claim for relief against Defendants. If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the

amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file a witness list or submit exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not conduct any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "**Amended Complaint**." Alternatively, Plaintiff shall file a notice of voluntary dismissal within that time.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 16th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**